# UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

ROBERT LEE WRIGHT, III,

    Plaintiff,

v.                                        Case No. 4:24-cv-132-WS-MJF

MARTIN A. FITZPATRICK,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, a Florida prisoner proceeding *pro se* and *in forma pauperis*, has filed a civil rights complaint under 28 U.S.C. § 1331. Doc. 1. The undersigned concludes that this case should be dismissed under 28 U.S.C. §§ 1915(e)(2) and 1915A for failure to state a claim on which relief may be granted.

### I. ALLEGATIONS OF WRIGHT'S COMPLAINT

Plaintiff Robert Lee Wright, III (DC #U01281), has filed a civil rights complaint for money damages against a magistrate judge of this District Court—Martin A. Fitzpatrick—in his individual capacity. Doc. 1 at 2, 7. Wright alleges that Fitzpatrick signed orders as the presiding

magistrate judge in one or more civil cases Wright filed against employees of the Internal Revenue Service. *Id.* at 5.[1] Wright appears to take issue with Judge Fitzpatrick stating that Wright's complaint(s) did not demand any relief, and with Fitzpatrick recommending that Wright's case(s) be closed because Wright did not properly complete the complaint and *in forma pauperis* application forms. *Id.* at 5. Claiming that Fitzpatrick's actions violated the First Amendment (presumably Wright's right to access the courts), Wright seeks $1 trillion and a "Plea in Abatement." *Id.* at 7.[2]

## II. Discussion

### A. Screening under 28 U.S.C. §§ 1915(e)(2) and 1915A

Because Wright is a prisoner and is proceeding *in forma pauperis*, this court is required to review his complaint, identify cognizable claims and dismiss the complaint, or any portion thereof, if the complaint "(1) is frivolous, malicious, or fails to state a claim upon which relief may be

---

[1] Wright does not identify the case number(s).

[2] A "plea in abatement" is a defense that has been replaced by Federal Rule of Civil Procedure 12(b). *See Plea in Abatement*, BLACK'S LAW DICTIONARY (9th ed. 2009).

granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a)-(b); *see also* 28 U.S.C. § 1915(e)(2)(B) (comparable screening provision of *in forma pauperis* statute).

To prevent dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also* Fed. R. Civ. P. 12(b)(6). A complaint also may be dismissed for failure to state a claim "when its allegations, on their face, show that an affirmative defense bars recovery on the claim." *Cottone v. Jenne*, 326 F.3d 1352, 1357 (11th Cir. 2003); *Jones v. Bock*, 549 U.S. 199, 215 (2007) (reiterating that principle); *LeFrere v. Quezada*, 582 F.3d 1260, 1263 (11th Cir. 2009) ("If the complaint contains a claim that is facially subject to an affirmative defense, that claim may be dismissed under Rule 12(b)(6)."). "A district court may dismiss a complaint for failure to state a claim based upon the affirmative defense of judicial immunity because 'the defense is an obvious bar given the allegations.'" *Murphy v. Stacy*, 809 F. App'x 677, 682 (11th Cir. 2020)

(quoting *Sibley v. Lando*, 437 F.3d 1067, 1070 n.2 (11th Cir. 2005)).

## B. Judicial Immunity Bars This Civil Action

Judges enjoy absolute judicial immunity from money damages for acts taken in their judicial capacity unless they acted in the clear absence of all jurisdiction. *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) The "absence of all jurisdiction" means "a complete absence of subject matter jurisdiction." *Dykes v. Hosemann*, 776 F.2d 942, 947 (11th Cir. 1985). A judge does not lose immunity "because the action he took was in error," or "was in excess of his authority." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978).

Here, Wright's allegations involve judicial functions, namely, Fitzpatrick issuing orders and making recommendations to the District Court. These acts are normal judicial functions and were performed in Fitzpatrick's capacity as the magistrate judge assigned to Wright's *pro se* case(s). Judge Fitzpatrick, therefore, acted within his judicial capacity in taking the actions of which Wright complains. Judge Fitzpatrick did not act in the clear absence of all subject-matter jurisdiction. *Bolin*, 225 F.3d at 1239. To the contrary, Fitzpatrick had jurisdiction under 28 U.S.C. § 1331; *see also* 28 U.S.C. § 636. Because Judge Fitzpatrick is entitled to

absolute judicial immunity from this damages action—a defense that is apparent from the face of Wright's complaint—this case must be dismissed.

## C. Amendment of the Complaint Would Be Futile

"Where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541 (11th Cir. 2002); *see also Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1132 (11th Cir. 2019).

A district court, however, need not grant a plaintiff an opportunity to amend when amendment would be futile. *Silberman*, 927 F.3d at 1133. Leave to amend is futile when the complaint as amended still would be dismissed. *Id.* The question in such cases is not whether the plaintiff has stated a claim, but instead, "when all is said and done, he *can* do so." *Id.*

The discussion set forth above demonstrates that Wright cannot state a claim against Fitzpatrick because the defense of judicial

immunity bars this suit.[3] Because the affirmative defense of judicial immunity appears from the face of Wright's complaint—and because amendment would be futile—the District Court should dismiss this case for failure to state a claim.

## III.  CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. This case be **DISMISSED** under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim on which relief may be granted.

2. The clerk of the court enter judgment accordingly and close this case file.

At Panama City, Florida, this 25th day of March, 2024.

---

[3] Wright cannot obtain declaratory or injunctive relief because there is an adequate remedy at law for the violations he alleges. *See Bolin*, 225 F.3d at 1239-42. Specifically, Wright may request reconsideration of any preliminary order Fitzpatrick issued, and Wright may object to any recommendation on a dispositive matter. *See* 28 U.S.C. § 636. Wright also may appeal any final order in the case(s) to the Eleventh Circuit.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**